E-FILED
Monday, 06 August, 2012  01:30:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3107 |
| | ) | |
| WARDEN J. YURKOVICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, alleges that he was retaliated against for filing an emergency grievance against Defendant Tallman.  Specifically, Defendants Tallman, DeWitt, and Johnson allegedly interrogated Plaintiff, used excessive force against him, interfered with prescribed medicine, refused medical treatment, and wrote false disciplinary reports against him.  Plaintiff pursues claims for retaliation, excessive force, interference with and refusal of medical care, and failure to intervene.

Both sides have moved for summary judgment on whether Plaintiff

1

exhausted his administrative remedies before filing this lawsuit.  Plaintiff

admits in his complaint that he did not file a grievance, but he explains

that Defendants threatened bodily harm to him if he filed a grievance.

Specifically, Plaintiff appears to contend that Defendants threatened to

have other inmates beat him to death if he filed another grievance.  (Pl.'s

Request to Admit # 95, d/e 46, p. 49).  He also argues that Defendants'

interrogation and excessive force made him fear further retribution if he

filed another grievance.

Defendants do not address these allegations.  If Defendants made

serious, credible threats of bodily harm to Plaintiff, arguably no

administrative remedies were available to him.  "[W]hen prison officials

prevent inmates from using the administrative process . . . , the process

that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458

F.3d 678, 684, 686 (7th Cir. 2006).  ("At what point did the prison

officials' misconduct, if there was any, rise to the level so as to prevent a

grievance from being filed?").

Plaintiff's motion for summary judgment also has problems.  He

contends that he was too afraid to file a grievance, but Defendants have submitted a grievance that Plaintiff purportedly *did* file about Defendants' false disciplinary reports.  (Pl.'s 3/31/11 grievance, d/e 48-1, p. 4).[1]  How could Plaintiff be too afraid to file a grievance against Defendants if he *did* file a grievance against Defendants?  On the other hand, Defendants do not explain how they received this "new information."  Their first motion for summary judgment made no mention of this grievance.

An evidentiary hearing is therefore necessary to resolve these questions.  Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008)(district court must hold evidentiary hearing to decide disputed facts regarding exhaustion).  The Court notes that Plaintiff is scheduled to be released on parole in October, 2012.  The hearing will be scheduled in November, 2012, to eliminate the IDOC's burden of transporting Plaintiff to the hearing.  If Plaintiff fails to appear at the hearing, this case will be

---

[1]A significant portion of this grievance is illegible.

3

dismissed without prejudice.[2]

IT IS THEREFORE ORDERED:

1) The parties' motions for summary judgment are denied (d/e's 42, 46, 47).

2) An evidentiary hearing is scheduled for Wednesday, November 7, 2012 at 10:00 a.m. on whether the alleged threats and retaliation by Defendants Tallman, Johnson, and DeWitt rendered Plaintiff's administrative remedies unavailable.  Plaintiff and Defendants Tallman, Johnson, and DeWitt shall appear in person.  The other Defendants and any other witnesses may appear by video conference.

3) By October 19, 2012, the parties are directed to submit a list of: 1) the documentary evidence they intend to submit at the hearing; and, 2) the witnesses they intend to call and the locations of those witnesses,

_____

[2]Plaintiff might arguably file a new lawsuit after he is released without being required to exhaust his administrative remedies.  However, that new lawsuit may be subject to other bars or affirmative defenses, such as the statute of limitations.  *See* Dixon v. Page, 291 F.3d 485, 488 n. 1 (7th Cir. 2002)((7th Cir. 2002)(prisoner's release after filing lawsuit did not excuse him from exhausting before he filed the suit, though "[t]his . . . is not to say that (if the statute of limitations and other potential obstacles permit) [he] might not file a new complaint . . ., with respect to which administrative exhaustion presumably would not be required . . . .").

4

if appearing by video.  For a nonparty witness, the list should also summarize the expected testimony of that witness.  The parties are responsible for bringing their own documentary evidence to the hearing. Plaintiff will present his case first, followed by Defendants.  Opening and closing statements are optional.

4) The clerk is directed to issue a writ to secure Plaintiff's personal appearance at the hearing on November 7, 2012.

ENTERED:  August 6, 2012

FOR THE COURT:

s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE