UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3107 |
| | ) | |
| JOSEPH YURKOVICK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

An evidentiary hearing was held on December 10, 2012 regarding whether Plaintiff exhausted his available administrative remedies. The Court heard testimony from Plaintiff, Defendant Tallman, Defendant Yurkovick, and Defendant DeWitt. The Court has also reviewed the disciplinary and incident reports issued on 3/31/11, Plaintiff's grievance dated 3/31/11 (the first page of which is illegible), and Plaintiff's grievance dated 4/1/11 (which Plaintiff asserts he did not file because he feared bodily harm).

1

After consideration of this evidence, the Court ruled orally that Plaintiff had met his burden of proving by a preponderance of the evidence that his administrative remedies were unavailable to him. The Court found Plaintiff's testimony credible that he feared bodily harm, and some irregularities in the handling of Plaintiff's 3/29/11 grievance were evident from the Defendants' testimony. Accordingly, the Court concludes that Plaintiff had no available remedies to exhaust at the time his claims arose. *See* Kaba v. Stepp, 458 F.3d 678, 684, 686 (7th Cir. 2006).

IT IS THEREFORE ORDERED:

1) The Court concludes that Plaintiff exhausted his available administrative remedies on his claims. Accordingly, this case will proceed to the merits.

2) By January 11, 2013, Defendants are directed to produce to Plaintiff and to file in this court a legible copy of Plaintiff's original 3/31/11 grievance and a copy of Plaintiff's grievance against Defendant Tallman dated 3/29/11.

3) By January 31, 2013, the parties shall provide to each other the initial disclosures described in Fed. R. Civ. P. 26(a)(1)(i)-(ii).

4) Discovery closes May 31, 2013.

5) Dispositive motions are due June 28, 2013.  A summary judgment motion which relies on Plaintiff's deposition or medical records must attach the complete copy of the deposition and the complete medical records for the relevant time period.  Summary judgment motions should include affidavits from the parties based on their personal knowledge.

6)  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests and responses are not filed with the court, unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

7) The final pretrial conference is rescheduled to February 24, 2014, at 1:30 p.m. by personal appearance of Defendants' counsel and Plaintiff. The parties are directed to submit an agreed, proposed final pretrial order at least 14 days before the final pretrial conference.

8) The jury trial is rescheduled on the Court's trailing trial calendar to April 1, 2014, at 9:00 a.m.. The actual date for jury selection and jury trial will be finalized at the final pretrial conference.

ENTERED: December 14, 2012

FOR THE COURT:

                                      s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE